# EXHIBIT C

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. 26,097

| | | |
|---|---|---|
| **MATTHEW CARLOCK AND LISA CARLOCK** § | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** § | § | |
| | § | |
| **V.** § | § | **OF** |
| | § | |
| **GOLDWATER BANK, N.A.** § | § | |
| **Defendant.** § | § | **OF TYLER COUNTY, TEXAS** |

<u>**PLAINTIFFS ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Matthew Carlock and Lisa Carlock, hereinafter called Plaintiffs, complaining of and about Goldwater Bank, N.A., hereinafter called Defendant, and for cause of action would show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, Matthew Carlock is an Individual whose address is 460 County Road 4515, Warren, Texas 77664. The last three numbers of Matthew Carlock's driver's license number are 903, and the last three numbers of his social security number are 648

3. Plaintiff, Lisa Carlock is an Individual whose address is 460 County Road 4515, Warren, Texas 77664. The last three numbers of Lisa Carlock's driver's license number are 556, and the last three numbers of her social security number are 979.

4. Defendant, Goldwater Bank, N.A., is a business entity doing business in Texas. Service of said Defendant as described above can be effected by serving Defendant's Attorney, Catherine Chesley Goodgion at 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. This service can be had by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this action because it involves real property in Tyler County, Texas, the Defendant is doing business in Texas with a Texas resident, and the monetary amount in controversy is within the jurisdictional limits of the Court. The amount in controversy is between $250,000.00 and $500,000.00.

6. Venue in Tyler County, Texas, is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

7. On or about January 29, 2020, Plaintiffs contracted with Strahan Construction of Silsbee, Texas, for the construction of their present home on real property located at 460 County Road 4515, Warren, Tyler County, Texas. Subsequent to entering into the building contract with Strahan Construction, Plaintiffs obtained third party financing from Defendant for a one time loan closing amount of $370,000.00, wherein Defendant promised that the construction loan would become a traditional mortgage once the construction of the home was completed with the term of the loan being 31 years and never exceeding a 5.75% interest rate.

Plaintiffs closed on the loan on or about March 27, 2020, at Hooks Title & Abstract Company in Kountze, Texas, based upon a *Closing Disclosure* made by Defendant, wherein the Defendant promised Plaintiffs that an additional loan closing would not be needed after construction. Defendant also projected to Plaintiffs in the *Closing Disclosure* that Defendant gave Plaintiffs prior to closing on March 27, 2020, that the estimated total monthly payment for year number 1 would not exceed $886.46, that in years' 2-11, that the monthly payment would not exceed $3,159.98, and that in years' 12-31, that the monthly payment would be somewhere around $2,904.06 with an interest rate that would never exceed 5.75% during the term of the loan. The representations made by Defendant in the *Closing Disclosure* by Defendant to Plaintiffs on or about March 25, 2020, was the material basis that induced Plaintiffs to enter into the loan agreement with Defendant, and to which Plaintiffs relied on to be true, correct, and accurate.

After the loan closing on March 27, 2020, following the commencement of construction, and during the height of the Covid-19 Pandemic, the Plaintiffs learned to their detriment that the representations made by the Defendant in the *Closing Disclosure* to induce Plaintiffs to enter the loan agreement were false, and that additional agreements would be necessary.

Following the completion of construction, and after moving into their new home, Defendant then wrongfully tried to make Plaintiffs sign a loan modification agreement that Plaintiffs refused to sign. Subsequent to this episode and during all times previous thereto, Plaintiffs faithfully made payments on their new home that they have lived in since the Spring of 2021.

In June 2022, Plaintiffs were horrified to learn by only receiving a legal advertisement from a third party attorney that the Defendant was wrongfully attempting to foreclose on their home and real property located at 460 County Road 4515, Warren, Tyler County, Texas.  To date, Plaintiffs have never received any correspondence from Defendant stating how they violated the loan agreement, much less a right to cure.  The fraudulent promises made by Defendant to induce Plaintiff to enter into the loan agreement on March 27, 2020, along with the wrongful acts of Defendant following that time, including but not limited to the wrongful foreclosure of their homestead have caused Plaintiffs to suffer financial injury, and wrongfully jeopardize Plaintiffs property interests in the homestead property located at 460 County Road 4515, Warren, Tyler County, Texas.

### PLAINTIFFS CLAIM FOR STATUTORY FRAUD AGAINST DEFENDANT

8.  There was a transaction involving real estate between the Plaintiffs and the Defendant.  During the transaction, the Defendant made a false representation of fact, made a false promise, or benefited by not disclosing that a third party's representation or promise was was false.  The false representation or promise was made for the purpose of inducing the Plaintiffs to enter into a contract, and that the Plaintiffs relied on the false representation or promise to enter into the contract.  The reliance has caused Plaintiffs to suffer injury.

### DAMAGES

9.  As a result of the wrongful acts of Defendant, Plaintiffs have been caused to suffer actual financial damages within the jurisdictional limits of the Court, including but not limited to actual damages, attorney fees, and costs of court.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a hearing of the cause, that a judgment be awarded in favor of Plaintiffs against Defendant for monetary damages, including but not limited to actual damages, attorney fees and costs of court; and granting such other and further relief to which the Plaintiffs may be entitled at law or in equity.

                Respectfully submitted,

By: */s/ Dallas J. Barrington*
    Dallas J. Barrington
    Texas Bar No. 24048341
    Email: legalgeneralpractice@gmail.com
    1100 Pecan Street
    Kountze, Texas 77625
    Tel. (409) 246-3912
    Fax. (409) 246-8546
    Attorney for Plaintiffs